COURT OF CHANCERY
OF THE
STATE OF DELAWARE

ANDRE G. BOUCHARD
CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: December 22, 2014
Date Decided: January 13, 2015

Michael J. Barry, Esquire
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801

Gregory V. Varallo, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

RE: *In re Jefferies Group, Inc. Shareholders Litigation*
Consolidated C.A. No. 8059-CB

Dear Counsel:

I have reviewed your letters dated December 22, 2014, in which you jointly requested on behalf of all parties that, based on those submissions, the Court resolve a dispute concerning the definition of the class to be included in the documentation of the proposed settlement of this action. For the reasons explained below, I agree with the class definition Plaintiffs have proposed.

By way of background, this action concerns the acquisition of Jefferies Group, Inc. ("Jefferies") by Leucadia National Corporation ("Leucadia") through a stock-for-stock merger that closed on March 1, 2013 (the "Merger"). On May 30, 2014, the Court entered an Order (the "Certification Order") certifying a class under Court of Chancery Rules 23(a), 23(b)(1) and 23(b)(2) consisting of:

all record and beneficial holders of Jefferies common stock as of November 11, 2012, together with their successors and assigns, and excluding the Defendants in this action and each of Defendants' associates, affiliates, legal representatives, heirs, successors in interest, transferees and assigns.

On October 31, 2014, about five weeks before trial was scheduled to begin, the parties signed a term sheet providing for, among other things, the payment of $70 million in net settlement consideration to the class (the "Term Sheet"). In Paragraph 2 of the Term Sheet, the parties agreed "to ask the Court to amend the definition of the class" in the Certification Order to read as follows:

All persons or entities who or which held Jefferies common stock at any time during the period from November 11, 2012 through and including the exchange of shares of Jefferies common stock for shares of Leucadia on March 1, 2013 (the "class period"). Excluded from the class are Jefferies and Leucadia and any persons who served as one of their Directors (on or after April 1, 2012) or Section 16 Officers (on or after April 1, 2012), as well as the Individual Defendants and any members of their immediate family, and any person or entity which is or was an affiliate of any of the Defendants at any time during the class period, and each of the Defendants' (and the other aforementioned excluded persons' and entities') heirs, legal representatives, successors in interest, transferees and assigns of Jefferies stock.

Paragraph 11 of the Term Sheet states that the "Term Sheet is intended to be a binding, legal obligation of each of the Parties."

Since signing the Term Sheet, the parties have been working on preparing a Stipulation and Agreement of Settlement (the "Settlement Agreement") and related papers to formally document the proposed settlement. The present dispute concerns the definition of the class to be included in the Settlement Agreement.

Defendants contend that the class should be defined in the Settlement Agreement to include holders of "Jefferies Deferred Shares" as well as holders of Jefferies common stock. Specifically, under Defendants' proposal, the definition of the class would include, with the relevant additional language in bold and the exclusion of Defendants and their affiliates omitted, "all Persons who or that held Jefferies common stock *or Jefferies Deferred Shares* at any time during the period from November 11, 2012 through and including the exchange of shares of Jefferies common stock for shares of Leucadia common stock on March 1, 2013." Defendants further propose to define the term "Jefferies Deferred Shares" in the Settlement Agreement to mean "restricted stock units, deferred shares, or similar rights granted" under various Jefferies compensation plans.

In support of their proposed class definition, Defendants contend that it would be "unfair" to exclude holders of Jefferies Deferred Shares from the class and "would expose Defendants to possible additional litigation."[1] Defendants argue that the holders of Jefferies Deferred Shares should be included in the class definition because:

> (i) Plaintiffs' alleged damages theory is that the exchange ratio was too low; (ii) under the Merger Agreement, the exchange ratio was applied exactly the same to common stock and Jefferies Deferred Shares; and (iii) the amount of Settlement Consideration each eligible class member will receive will be based on the number of shares he or she exchanged at the

---

[1] Defs.' Letter at 4.

> merger exchange ratio, which exchange ratio should be applied equally to all affected parties.[2]

According to Defendants, Plaintiffs' position would amount to elevating "form over both substance and the economic structure of the Merger Agreement and the settlement."[3]

Plaintiffs assert that holders of Jefferies Deferred Shares were not included in the class definition in the operative complaint,[4] the Certification Order, and the Term Sheet. Plaintiffs argue that Defendants are seeking improperly to "expand the class" without a "concomitant increase in the settlement consideration" beyond the plain and unambiguous terms of the class definition in the Term Sheet and that the Term Sheet "should be enforced in accordance with its terms."[5] Plaintiffs note, moreover, that they "have neither reviewed nor been provided with the applicable 'Jefferies Award Plans' as they supposedly have been adopted 'and amended' by Leucadia."[6]

I agree with Plaintiffs' position.

---

[2] *Id.* at 5.

[3] Id.

[4] The Verified Second Amended Class Action Complaint filed on January 30, 2014, defined the class to include "holders of Jefferies' common stock (except defendants herein and any persons, firm, trust corporation or other entity related to or affiliated with them, and their successors in interest) who are or will be threatened with injury arising from defendants' wrongful actions."

[5] Pls.' Letter at 3.

[6] *Id.*

"When interpreting a contract, the role of a court is to effectuate the parties' intent." *Lorillard Tobacco Co. v. American Legacy Foundation*, 903 A.2d 728, 739 (Del. 2006). In doing so, the "true test is not what the parties to the contract intended it to mean, but what a reasonable person in the position of the parties would have thought it meant." *Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992).

In my opinion, a reasonable person in the position of the parties would have thought that the class definition in the Term Sheet did not include holders of Jefferies Deferred Shares. This conclusion is supported by the fact that the definition of the class in the Term Sheet, which appears to have been carefully negotiated when one juxtaposes it against the class definition in the Certification Order, applies, on its face, only to holders of Jefferies "common stock." This conclusion is further supported, in my view, by the difference in the characteristics of shares of Jefferies common stock and Jefferies Deferred Shares. In particular, although the parties did not provide the Court with an extensive explanation of the various rights and obligations associated with the securities falling within the definition of the term "Jefferies Deferred Shares," it is apparent that these securities contained various vesting terms and conditions that distinguish them from Jefferies common stock. For example, unlike the shares of Jefferies common stock, the Jefferies Deferred Shares did not convert into common stock of Leucadia upon

consummation of the Merger but, instead, converted "into an equivalent award denominated by Leucadia common shares, with the same terms and conditions (including vesting terms and conditions) as applied pre-conversion."[7]

Accordingly, I direct the parties to submit final settlement documentation to the Court containing a class definition consistent with the one proposed by Plaintiffs.

IT IS SO ORDERED.

Sincerely,

*/s/ Andre G. Bouchard*

Chancellor

AGB/gp
cc:    James R. Banko, Esquire
       Collins J. Seitz, Jr., Esquire

---

[7] Defs.' Letter at 3 (citing Leucadia Nat'l Corp., Registration Statement (Form S-4) (Jan. 24, 2013)).